## Case No. 1,571.

BLUKEMAN v. The PACIFIC.

[N. Y. Times, Dec. 2, 1854.]

District Court, S. D. New York. Dec., 1854.

COLLISION— STEAMER LANDING AT PIER.

[A steamer on a regular route, on approaching her berth on the side of a pier to land passengers, slowed, stopped her engines, lost her headway, and, moving as gently as possible by the tide, came in contact with an old coal barge which on the steamer's approach had been left at the end of the pier. Held, that the steamer was not negligent, and consequently not liable for injuries sustained by the barge.]

[In admiralty. Libel by Henry Blukeman against the steamboat Pacific. Dismissed.]

Hr. Haskett, for libellant.

Benedict, Scoville & Benedict, for claimant.

INGERSOLL, District Judge. This suit is brought by the libellant claiming that the steamboat should pay the damages occasioned to his boat by a collision. This boat, if boat it can be called, was an old coal barge, which had been purchased by the libellant, not for purposes of navigation, but to build a house upon her in the dock, and use her as an oyster stand. She was brought over by a tow-boat from Red Hook, and left at pier 35, East river; a canal boat lying between her and the end of the wharf. The north side of this pier was the regular berth of the Pacific, then running regularly between here and Norwalk. As she neared pier 35, she discovered this barge coming along with a tow-boat, which left her at the end of the pier, just before the Pacific reached it.

Now, although there may have been a collision and damages yet if there was no fault on the part of the steamboat, there can be no recovery. In my judgment, there was none. She had the right to come to her berth, and if she same in a proper way, and without any intention of wilful injury, she is not responsible. It is not claimed that there was any wilful injury, but that there was negligence. But she had the right to land her passengers at that slip, and as she came up she slowed and stopped her engine, and had no headway on her, but came in by the tide, in as gentle a way as she could do. There is some doubt whether the damage was occasioned by the collision, but if it was, it was not by reason of any negligence on the part of the steamboat.

Libel dismissed, with costs.